IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CARLA BLAKE                                                                                   PLAINTIFF

VERSUS                                                                  NO. 1:17cv89-SA-DAS

DON LAMBERT, In His Individual Capacity,
AND PRENTISS COUNTY                                                                      DEFENDANTS

JURY TRIAL DEMANDED

## COMPLAINT

This is a civil action to recover actual, compensatory and punitive damages and for declaratory relief for the Defendants' violations of Ms. Blake's Fourth Amendment constitutional right to be free from false arrest, false imprisonment, prosecution without probable cause, and illegal search, made actionable pursuant to 42 U.S.C. § 1983. The following averments support this civil action:

(Parties)

1. The Plaintiff, Carla Blake, is an adult resident citizen of Prentiss County, Mississippi.

2. The Defendant, Don Lambert, In His Individual Capacity, is an adult resident citizen of Prentiss County, Mississippi. The Defendant Lambert may be served with process by service of a summons and complaint upon him at 300B West George E. Allen Drive, Booneville, Mississippi 38829.

3. The Defendant, Prentiss County, Mississippi, is a political subdivision of the

State of Mississippi. The Defendant Prentiss County, Mississippi may be served with process by service upon its Chancery Clerk, Honorable David "Bubba" Pounds, 100 North Main Street, Booneville, Mississippi 38829.

(Jurisdiction and Venue)

4. This Court has subject matter jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1343(a)(3) (Civil Rights).

5. Venue is proper in the Northern District of Mississippi, pursuant to 28 U.S.C. § 1391, since substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

(Cause of Action)

6. The Defendant Lambert, caused to be filed in the Justice Court of Prentiss County, a General Affidavit charging Ms. Blake with the criminal offense of Contributing the Delinquency of a Child.

7. The charge arose from an allegation, by the Defendant Lambert, that S.W., a minor, had failed to attend school and that Ms. Blake was responsible for failing to make certain that S.W. attended school.

8. Though S.W. had failed to attend school, Ms. Blake had not failed to make certain that S.W. attended school because she had no custody, care, or control of S.W., who, at the time, was in the custody, care, and control of his mother.

9. Ms. Blake had previously been granted temporary custody of S.W. but had personally notified the Defendant Lambert, in 2013, that she no longer had custody, care, or control of S.W., after receiving a letter from the Defendant Lambert regarding compulsory school attendance.

10. During their conversation regarding S.W., Ms. Blake provided Mr. Lambert with contact information for S.W.

11. During their conversation regarding S.W., Mr. Lambert apologized to Ms. Blake for sending her the letter regarding compulsory school attendance and told Ms. Blake that he would contact S.W.'s mother.

12. Despite, possessing personal knowledge of the fact that Ms. Blake did not have custody, care, or control of S.W., the Defendant Lambert caused to be filed a baseless charge against Ms. Blake, and withheld exculpatory information from the Justice Court Judge.

13. As a direct result of filing a baseless charge against Ms. Blake and withholding exculpatory information from the Justice Court Judge, the Justice Court of Prentiss County issued a warrant for Ms. Blake's arrest.

14. Based on the warrant, on June 12, 2014, a Deputy from the Prentiss County Sheriff's Department went to Ms. Blake's home and arrested her while she was cooking dinner.

15. The arrest of Ms. Blake lacked any arguable probable cause and constituted a false arrest.

16. As a direct result of her arrest, Ms. Blake, an innocent woman who had never been charged with a criminal offense, was handcuffed, transported in a police cruiser to jail, booked, subjected to a humiliating and degrading strip search, and detained in a holding cell.

17. The detention of Ms. Blake lacked any arguable probable cause and constituted a false imprisonment.

18. While detained, Ms. Blake was subjected to a strip search despite the absence of any reasonable suspicion or probable cause.

19. While detained, Ms. Blake was subjected to a strip search despite the fact that she was a non-violent and non-drug offender.

20. While detained, Ms. Blake was subjected to a humiliating strip search despite the fact that she was not designated for placement in the general population of the Prentiss County Jail, but was placed in a holding cell for a short period of time until she could post bond.

21. Ms. Blake was forced to post bond to secure her release from the Prentiss County Jail.

22. On June 17, 2014, the Defendant Lambert filed, in the Justice Court of

Prentiss County, an Affiant / Victim's Request to Drop Charges, stating, "I filed an affidavit on the wrong person by mistake."

23. On June 17, 2014, the County Prosecuting Attorney filed a Motion and the Justice Court of Prentiss County entered an Order dismissing the baseless charge against Ms. Lambert.

24. At all times relevant to this civil action the Defendant Lambert acted under color of state law.

25. At all times relevant to this civil action the Defendant Lambert acted with reckless disregard to Ms. Blake's federally protected rights.

(Claims Against the Defendant Lambert)

26. The Defendant Lambert, In His Individual Capacity, is liable to Ms. Blake for the constitutional torts of false arrest, false imprisonment, and initiating a baseless prosecution without probable cause.

(Claim Against the Defendant Prentiss County)

27. The Defendant Prentiss County, is liable to Ms. Blake for the constitutional tort of illegal search by maintaining a policy, practice, custom or usage which authorized and mandated subjecting detainees being held on non-violent and non-drug offenses to humiliating strip searches in the absence of reasonable suspicion or probable cause while briefly detained in a holding cell and awaiting bond.

WHEREFORE, PREMISES CONSIDERED, Ms. Blake prays for actual and compensatory damages against all defendants, in an amount to be determined by the trier of fact, for punitive damages against the Defendant Lambert, In His Individual Capacity, in an amount to be determined by the trier of fact, for a declaration that the acts and omissions of all defendants violated Mr. Blake's constitutional rights, for a reasonable attorney's fee pursuant to 42 U.S.C. § 1988, for all allowable costs of this civil action, and for any and all other relief to which Ms. Blake is entitled in law or equity.

Respectfully submitted, this the 12th day of June, 2017.

/s/ Victor Israel Fleitas

VICTOR I. FLEITAS
MS BAR NO. 10259

Andrew W. Stuart, II, Esq.
Attorney at Law
204 North Spring Street
Tupelo, Mississippi 38804
(662) 840-4911 / Phone
(662) 840-4912 / Facsimile
attorney.stuart@yahoo.com / Email

Victor I. Fleitas, P.A.
452 North Spring Street
Tupelo, Mississippi 38804
662.840.0270 / Phone
662.840.1047 / Facsimile
fleitasv@bellsouth.net /Email

Attorneys for Carla Blake