IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CARLA BLAKE**                                                              **PLAINTIFF**

**VS.**                      **CIVIL ACTION NO. 1:17-cv-0089-SA-DAS**

**DON LAMBERT**
**AND PRENTISS COUNTY, MS**                                     **DEFENDANTS**

## MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT

COMES NOW Don Lambert ("Lambert"), through counsel and reserving all claims and defenses, and submits this Memorandum of Authorities in Support of his Motion to Dismiss or alternatively for Summary Judgment.

### MISSISSIPPI SCHOOL ATTENDANCE LAW

§37-13-81 of the Mississippi Code creates the Office of Compulsory School Attendance Enforcement within the Office of Dropout Prevention of the State Department of Education. In each school district within Mississippi, there are employed the number of school attendance officers determined by the Office of Compulsory School Attendance Enforcement to be necessary to adequately enforce the provisions of the Mississippi Compulsory School Attendance Law ("MCSAL"). Miss. Code §37-13-89.

MCSAL defines a "compulsory-school-age child" to "include any child who has attained or will attain the age of five (5) years on or before September 1 and has enrolled in a full-day public school kindergarten program." §37-13-91(2)(f). In general, a parent, guardian or custodian of a compulsory-school-age child must cause the child to enroll in and attend a public school or legitimate nonpublic school for the period of time that the child is of compulsory school age. §37-13-91(3).

§37-13-91(6) provides:

> If a compulsory-school-age child … has accumulated five (5) unlawful absences during the school year of the public school in which the child is enrolled, the school district superintendent or his designee shall report, within two (2) school days or within five (5) calendar days, whichever is less, the absences to the school attendance officer. The State Department of Education shall prescribe a uniform method for schools to utilize in reporting the unlawful absences to the school attendance officer. The superintendent or his designee, also shall report any student suspensions or student expulsions to the school attendance officer when they occur.

"When a school attendance officer has made all attempts to secure enrollment and/or attendance of a compulsory-school-age child and is unable to effect the enrollment and/or attendance, the attendance officer shall file a … petition in a court of competent jurisdiction as it pertains to parent or child." §37-13-91(7).

§37-13-91(5) provides:

Any parent, guardian or custodian of a compulsory-school-age child subject to this section who refuses or willfully fails to perform any of the duties imposed upon him or her under this section or who intentionally falsifies any information required to be contained in a certificate of enrollment, shall be guilty of contributing to the neglect of a child and, upon conviction, shall be punished in accordance with Section 97-5-39.[1]

FACTS

On or about June 4, 2014, the Official Records of the Hills Chapel School of the Prentiss County School District reflected that during the school year which began in August 2013, SW, a six (6) year old child, who resided with Carla Blake at the same address XXX Hwy 364, Booneville, Ms 38829, had accumulated 16 unexcused absences in violation of MCSAL. Don Lambert was the school attendance officer ("SAO") for Hills Chapel. (Affidavit of Lambert ¶¶16 & 29). In 2014 Lambert had six (6) years of experience as the SAO. (Affidavit of Lambert ¶3). Lambert is not a law enforcement officer. (Affidavit of Lambert ¶5).

The Official School Records reflect the efforts of the School and parents, guardians or custodians of children to maintain accurate records

---

[1] §97-5-39, concerning "contributing to the neglect or delinquency of a child," provides for a misdemeanor punishment of "a fine not to exceed One Thousand Dollars ($ 1,000.00), or by imprisonment not to exceed one (1) year in jail, or by both such fine and imprisonment."

concerning small children in relation to child residence, responsible adults, school attendance, and other school matters. (Affidavit of Lambert ¶¶6-8).

Based upon the highly reliable information which Lambert had from the school district he, in good faith, signed, on or about June 10, 2014, a "General Affidavit" charging Carla Blake with failing to make sure that SW attended school as required by MSCAL. (Affidavit of Lambert ¶30).

The affidavit did not set forth that Lambert had previously sent Blake a letter instructing her to contact the school concerning SW's excessive absences. (Affidavit of Lambert ¶12). The affidavit did not set forth a telephone conversation which occurred with Lambert, at least five months before June, 2014, in which Blake stated she had had previously custody of the child but that the child had allegedly moved. (Affidavit of Lambert ¶¶17-20).[2] The affidavit did not set forth an abruptly terminated telephone conversation which occurred with Lambert, at least five months before June, 2014, in which the putative mother of the child at least implied that at the time of the call the child was residing with her. (Affidavit of Lambert ¶¶22-23). The affidavit did not set forth a brief telephone conversation which occurred with Lambert, at least five months before June, 2014, in

---

[2] Unfortunately the experience of SAOs, including Lambert, is that they are routinely confronted with false statements by parents and other persons responsible for school aged children who are missing excessive amounts of school. (Affidavit of Lambert ¶9)(Affidavit of Trimble ¶7).

which the putative step father of the child indicated that the household was not stable. (Affidavit of Lambert ¶25).[3]

Lambert left the affidavit with the clerk of the Justice Court of Prentiss County. (Affidavit of Lambert ¶30). The Justice Court Judge issued a warrant. On or about June 12, 2014, Blake was arrested and "briefly detained" by the Prentiss County Sheriff's Office ("PSO") and then released. (Complaint ¶27).

While out of town, Lambert got a call from the Justice Court Judge, concerning Blake. (Affidavit of Lambert ¶38). Upon his return, school was out and he did not have easy access to school personnel. (Affidavit of Lambert ¶39). On or about June 17, 2014, he decided to ask that the charges be dismissed due to what he thought was a mistake as to the proper person. Id.

After the charges were dismissed Lambert later confirmed with the school that the Official Records still had the child as residing with Carla Blake. (Affidavit of Lambert ¶40). Lambert also confirmed with his supervisor that the Official Records of the School are the best indication of the residence and responsible party. Id. Lambert now believes that it was a mistake to dismiss the charges because there was, and remains, probable

---

[3] The Judge who issued that warrant states that information conflicting the Official School Records would not have lead her to conclude that probable cause did not exist. (Affidavit of Judge Moore ¶7).

cause to believe that the MCSAL had been violated and that Carla Blake was most likely the person who violated that law. Id.

After the charges were dismissed, the Judge who issued the warrant and signed off on the dismissal concluded:

> I subsequently learned that the Official Records of the Prentiss County School District upon which Mr. Lambert relied in June, 2014, conflicted with the version of events which Carla Blake and Tracey Perry relayed to Mr. Lambert in January, 2014. Knowing that Carla Blake and Tracey Perry claimed the child did not reside with Mrs. Blake in January, 2014, and that the Official Records of the Prentiss County School District in June, 2014, reflected that the child did reside with her, makes me of the opinion that it was reasonable to believe that a violation of MCSAL had occurred and that Carla Blake was the person most likely to have committed that violation.

(Affidavit of Judge Moore ¶7).

In June, 2014, Lambert had reason to believe that the Prentiss County Sheriff's Office ("PSO") would not arrest and detain persons charged with violating the MSCAL. (Affidavit of Lambert ¶41).

In June, 2014, Lambert had no reason to believe that Blake would be stripped search by the PSO. (Affidavit of Lambert ¶45).

Blake claims that person or entities other than Lambert violated her constitutional rights. In June, 2014, Lambert had no reason to believe that anyone would violate Blake's constitutional rights. (Affidavit of Lambert ¶44).

At the time the June 2014 General Affidavit was signed and submitted by Lambert, probable cause existed to reasonably believe that the crime charged had been committed and that Carla Blake was the person most likely to have committed that crime. (Affidavit of Lambert ¶44),(Affidavit of Judge Moore ¶¶6-9) and (Affidavit of Trimble ¶13-14).

At the time the June 2014 General Affidavit was signed and submitted by Lambert, Lambert acted reasonably and his conduct met the standard of reasonable SAOs and that probable cause existed to reasonably believe that the crime charged had been committed and that Carla Blake was the person most likely to have committed that crime.(See e.g., Affidavit of Trimble ¶13-14).

## STANDARD FOR MOTION TO DISMISS

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. **Ashcroft v. Iqbal**, 556 U.S. 662, 678 (2009)(citation and quotation marks omitted). Facial plausibility requires that a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id.. In reviewing the complaint, the court does not accept as true statements which are legal conclusions or which are conclusory statements. Id.

## IMMUNITY

When a motion to dismiss raises the defense of qualified immunity, the plaintiff must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm alleged and that defeat a qualified immunity defense with equal specificity. **Zapata v. Melson,** 750 F.3d 481, 485 (5th Cir. 2014) (citation and quotations omitted).

Immunity protects all but the plainly incompetent or those who knowingly violate the law. **Mullenix v. Luna,** 577 U.S. ___, ___ (2015) (per curiam) (slip op., at 5) (citation and quotations omitted). The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known. Id. at 4-5.

## NO CLEARLY ESTABLISHED RIGHT SET FORTH IN THE COMPLAINT

The "right" asserted by the Plaintiff in her Complaint is that she must be free from arrest pursuant to a warrant signed in June, 2014, if, in 2013, she told the person who signed the General Affidavit that she was not guilty of the offense. This assertion is not the law and certainly is not a clearly established right. See **White v. Pauly,** 137 S.Ct. 548, 551 (2017).[4]

---

[4] In sum, there is no authority clearly establishing that a school attendance officer can not confer charges against a person by an affidavit when there is a conflict between the information provided by the school and the denials made by a person at least five (5) months before the school provides undated information.

Blake alleges the conclusion that probable cause did not exist.[5] Lambert is not a trained law enforcement officer and was performing his job under state law. It is not clearly established that one in Lambert's position can be held liable in the circumstances claimed by Blake. Id. The failure to identify a case where a similar official acting under similar circumstances was held to have violated a plaintiff's rights will most likely defeat plaintiff's ability to overcome a qualified immunity defense. **Surratt v. McClarin**, 851 F. 3d 389, 392 (5th Cir. 2017) .

## NO VIOLATION

If the Court concludes that it is clearly established that Lambert must meet the heighten standards of trained law enforcement officers, then Blake still has not alleged facts sufficient to support her claim.

While Lambert is not a trained law enforcement officer, in June 2014, the facts within his knowledge and of which he had reasonably reliable information were sufficient to believe Carla Blake had committed an offense. **U.S. v. Morris**, 477 F.2d 657, 663 (5th Cir. 1973). In deciding whether

---

[5] The Complaint also sets forth the conclusions that Lambert "had personal knowledge that Ms. Blake did not have custody, care or control of SW…." and the charge was "baseless." (Complaint at ¶12). Similarly the conclusion that Lambert was "reckless" (Complaint at ¶25) is stated but no facts are given to support the conclusion. The Rules require facts not conclusions. **Bosarge v. Mississippi Bureau of Narcotics**, 796 F.3d 435 (Cir. 2015) ("We will not assume the truth of Bosarge's claim that the officers 'acted intentionally or recklessly in falsely identifying' him …. The Supreme Court and our court have found similar claims to be too conclusory to survive a motion to dismiss without further allegations….").

probable cause exists, law enforcement officers are not required to be perfect, nor do they have to err on the side of caution out of fear of being sued. **Martin v. Thomas,** 973 F.2d 449, 453 (5th Cir. 1992). A mistake in judgment does not cause a law enforcement officer to lose his qualified immunity defense. **Mesa v. Prejean,** 543 F.3d 264, 269 (5th Cir. 2008). A reviewing court examines the totality of the circumstances to decide whether there is a fair probability that a crime occurred. **U.S. v. Garcia,** 179 F.3d 265, 269 (5th Cir. 1999). Fair probability is something more than a bare suspicion, but need not reach the "fifty percent mark." *Id.*

For both a "false arrest/false imprisonment" claim under §1983, a plaintiff must show that the defendant did not have probable cause to arrest him or her. **Haggerty v. Tex. S. Univ.,** 391 F.3d 653, 656 (5th Cir. 2004). Blake's Complaint does not allege facts which meet this requirement. Nor does Blake allege facts showing falseness of the charge or malice. **Mound Bayou v. Johnson,** 562 So.2d 1212, 1218 (Miss. 1990). Under Mississippi law an officer just doing his job can not be charged with malice. Compare **The University of Mississippi Medical Center v. Oliver,** 2016-IA-00892-SCT (Supreme Court of Mississippi)(August 24, 2017)("[W]hen suing a law-enforcement officer for malicious prosecution, a plaintiff … has to show the officer instituted criminal proceeding with a purpose other than doing his or her job, which includes bringing criminal offenders to justice.").

To the extent that Blake alleges that Lambert violated engaged in a malicious prosecution, that claim is foreclosed. **Cuadra v. Houston Independent School Dist.**, 626 F.3d 808, 812 (5th Cir. 2010) and **Castellano v. Fragozo,** 352 F.3d 939, 958 (5th Cir.2003) (en banc).

## CAUSATION

The Complaint fails to alleged sufficient facts to assert causation in fact and legal causation. "Proximate cause of an injury is that cause which in natural and continuous sequence unbroken by any efficient intervening cause produces the injury and without which the result would not have occurred." **Delahoussaye v. Mary Mahoney's, Inc.**, 783 So.2d 666, 671 (Miss. 2001). The Complaint sets out various allegations against persons and entities other than Lambert, The Complaint does not allege facts which plead proximate cause to any act or omission by Lambert.

## SUMMARY JUDGMENT STANDARD

A qualified immunity defense raised in a Motion for Summary Judgment shifts the burden to the plaintiff "who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law."[6] **Brown v. Callahan**, 623 F.3d 249, 253 (5th Cir. 2010). A party opposing summary judgment may not

rest on mere conclusory allegations or denials in its pleadings. **Hightower v. Texas Hosp. Ass'n**, 65 F.3d 443, 447 (5th Cir. 1995) (citations omitted). Nor can summary judgment be defeated with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. **Turner v. Baylor Richardson Med. Ctr.**, 476 F.3d 337, 343 (5th Cir. 2007) (citations and quotation marks omitted).

## NO CLEARLY ESTABLISHED RIGHT

As set forth above, there is no authority clearly establishing that a school attendance officer can not confer charges by an affidavit when there is a conflict between the information provided by the school and the denials made by a person at least five (5) months before the school provides undated information. **White v. Pauly,** 137 S.Ct. 548, 551 (2017). See also **Pennypacker v. The City of Pearl, Mississippi,** 16-60688, (5th Cir.)(May 12, 2017) (summary judgment should have been granted when it was shown that the defendants were not in class of persons previously held liable for alleged constitutional violations).

## UNDISPUTED MATERIAL FACTS

The materials on file reflect that the Official School Records of the Prentiss County School District, in June 2014, reflected the child SW resided with Carla Blake at XXX Hwy 364, Booneville, Ms 38829[7] and that the

---

[7] See Exhibit E to Motion (Report from School).

child had excessive absences and that Lambert relied on this information in filing the General Affidavit.

The materials on file reflect that Lambert did not know or foresee that Blake would be arrested, cuffed, transported, strip searched, briefly detained or required to post a bond.

## LAW TO FACTS

The highly reliable information from the school district provided Don Lambert in June, 2014, with a fair probability to believe that MSCAL had been violated and that Carla Blake was the person who violated MSCAL. **U.S. v. Garcia**, 179 F.3d 265, 269 (5th Cir. 1999). The existence of probable cause renders Lambert immune and also defeats claims of false arrest and false imprisonment. **Haggerty v. Tex. S. Univ.**, 391 F.3d 653, 656 (5th Cir. 2004). The lack of malice also defeats the plaintiff's claims.

There is no recognizable claims for malicious prosecution. **Cuadra v. Houston Independent School Dist.**, 626 F.3d 808, 812 (5th Cir. 2010)

The proximate causation requirement in 42 USC §1983 cases requires proof that the defendant set in motion events that would foreseeably cause the deprivation of a plaintiff's constitutional rights. **Morris v. Dearborne**, 181 F.3d 657, 672 (5th Cir. 1999) (citation and quotation marks omitted). In the present case the plaintiff can provide no proof to establish that Lambert foresaw she would be arrested, cuffed, transported, strip searched, briefly

detained or required to post a bond. Particularly, Lambert could not foresee that another party would violate the Plaintiff's rights, as she alleges. Such a violation would break any connection to an alleged act or omission by Lambert. Compare **Mabry v. Lee County**, 849 F.3d 232, 236-237 (5th Cir. 2017).[8]

CONCLUSION

The Complaint against Don Lambert should be dismiss. Alternatively Don Lambert should be awarded a judgment of dismissal as a matter of law. This Defendant should also be awarded such other and further relief to which he may be entitled.

Dated: August 29, 2017.

Respectfully submitted,

        DON LAMBERT,
        IN HIS INDIVIDUAL CAPACITY

BY:   JIM HOOD, ATTORNEY GENERAL,
        STATE OF MISSISSIPPI

BY:   s/ James A. Bobo
        JAMES A. BOBO, MSB NO. 3604
        SPECIAL ASSISTANT
        ATTORNEY GENERAL

---

[8] Any state law claims which might be asserted at barred by the Mississippi Tort Claims Act, Miss. §§11-46-1 et seq., and the applicable statute of limitation. (§11-46-11 and §15–1–35.

Office of the Attorney General
Civil Litigation Division
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601) 359-3680
Facsimile: (601) 359-2003
Email: jbobo@ago.state.ms.us

CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2017, I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system which sent notification of such filing to the following: Victor I. Fleitas and Andrew W. Stuart II, and Tommy Cadle and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: None.

s/James A. Bobo
James A. Bobo