IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CARLA BLAKE                                                                                          PLAINTIFF

V.                                                                       CIVIL ACTION NO. 1:17-CV-89-SA-DAS

DON LAMBERT, and
PRENTISS COUNTY                                                                                    DEFENDANTS

MEMORANDUM OPINION

Carla Blake filed this case on June 12, 2017 against Prentiss County, Mississippi, and Don Lambert, a Prentiss County School Attendance Officer.[1] In her Complaint [1], Blake alleges that Lambert and Prentiss County violated her constitutional rights and seeks relief under 42 U.S.C. § 1983. Lambert filed a Motion to Dismiss [9] all of the claims against him individually, arguing that Blake's Complaint fails to state a claim against him, and in the alternative, that he is entitled to the protection of qualified immunity.[2] The issues are fully briefed and ripe for review.

*Factual and Procedural Background*

Sometime before September 2013, Blake had temporary custody of her nephew S.W., a minor school-age child. S.W. was enrolled in Prentiss County Public Schools, and Blake was listed as S.W.'s contact in school records. On September 5, 2013, Lambert mailed a form letter to Blake informing her that S.W. had five unexcused absences, that she was responsible for making sure S.W. attended school, and that continued accrual of unexcused absences could lead to potential penalties under Mississippi Code § 37-13-91. S.W. continued to accrue unexcused absences. In January of 2014, Lambert contacted Blake by phone, and Blake informed him that she no longer

---

[1] Blake sues Lambert in his individual capacity only.
[2] Lambert's motion seeks dismissal, or in the alternative, summary judgment. Because both parties rely on matters outside the pleadings, are on notice of summary judgment adjudication, and because the issues are briefed extensively, the Court will treat the motion as one for summary judgment. *See* FED. R. CIV. P. 12(d), 56.

had custody of S.W., and was not S.W.'s caregiver. Blake also informed Lambert that S.W. was now in the custody of his mother, Tracey Perry, and gave him Perry's contact information. According to Blake, Lambert apologized for the confusion and said that he would follow up with S.W.'s mother. Lambert subsequently talked with Perry by phone. Perry apparently confirmed that she was S.W.'s mother, and informed Lambert that S.W. was sick. Lambert informed Blake and Perry that they needed to contact the School to update the official records as to S.W.'s custody.

On June 10, 2014, Lambert swore out a "General Affidavit" for Blake's arrest, and filed the affidavit in Prentiss County Justice Court. The affidavit charged Blake with contributing to the delinquency of S.W. by refusing or willfully failing to make sure that S.W. attended school, in violation of Mississippi Code §§ 37-13-91, 97-5-39(1). According to school records, S.W. was absent from school at least sixteen days during the 2013-2014 school year.

Based on Lambert's affidavit, the Prentiss County Justice Court Judge issued a warrant for Blake's arrest. Pursuant to this warrant, a Prentiss County Deputy Sheriff arrested Blake at her home on June 12, 2014. Blake was then booked into the Prentiss County Jail, strip-searched, and detained in a holding cell for a short period until she was able to arrange bond.

On June 17, 2014, Lambert filed an affidavit in Prentiss County Justice Court requesting dismissal of the charges against Blake stating, "I filed an affidavit on the wrong person by mistake." The Justice Court Judge subsequently dismissed the charges against Blake.

Blake alleges that Lambert violated her constitutional rights because the affidavit he swore out against her was facially invalid, that Lambert intentionally withheld exculpatory information, and that Lambert recklessly caused Blake's arrest without probable cause. Lambert responds by arguing that Blake failed to state a cognizable constitutional claim against him, and that he is entitled to the protection of qualified immunity.

*Standard of Review*

Federal Rule of Civil Procedure 56 governs summary judgment. Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324, 106 S. Ct. 2548 (citation omitted).

*Qualified Immunity and Arrest*

Lambert asserts that he is entitled to the protection of qualified immunity. Qualified immunity protects government officials from liability for civil damages to the extent that their conduct is objectively reasonable in light of clearly established law. *Crostley v. Lamar Cty., Texas*, 717 F.3d 410, 422-24 (5th Cir. 2013) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct.

2727, 73 L. Ed. 2d 396 (1982); *Kinney v. Weaver*, 367 F.3d 337, 346 (5th Cir. 2004)). "[T]he usual summary judgment burden of proof is altered in the case of a qualified immunity defense." *Wolfe v. Meziere*, 566 F. App'x 353, 354 (5th Cir. 2014) (citing *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005); *Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001)). "An officer need only plead his good faith, which then shifts the burden to the plaintiff, who must rebut the defense by establishing that the officer's allegedly wrongful conduct violated clearly established law." *Id*. The plaintiff "cannot rest on conclusory allegations and assertions but must demonstrate genuine issues of material fact regarding the reasonableness of the officer's conduct." *Id*.

"A plaintiff can overcome a qualified immunity defense by showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Allen v. Cisneros*, 815 F.3d 239, 244 (5th Cir. 2016) (quoting *Ashcroft v. al–Kidd*, 563 U.S. 731, 735 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011); *Harlow*, 457 U.S. at 818, 102 S. Ct. 2727). The second prong is satisfied "only if 'the state of the law at the time of the incident provided fair warning to the defendants that their alleged [conduct] was unconstitutional.'" *Kimbriel v. City of Greenville, Miss.*, No. 15-60489, 2016 WL 1719108, at *2 (5th Cir. Apr. 28, 2016) (quoting *Cass v. City of Abilene*, 814 F.3d 721, 728 (5th Cir. 2016)*; Tolan v. Cotton*, ___ U.S. ___, 134 S. Ct. 1861, 1866, 188 L. Ed. 895 (2014)). The Court may conduct this two-pronged inquiry in any order. *Crostley*, 717 F.3d at 422-24 (citing *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009)).

"In order to establish a Fourth Amendment violation for illegal arrest, a plaintiff must show that the officer did not have probable cause to arrest [her]." *McAllister v. Desoto Cty., Miss.*, 470 F. App'x 313, 318-19 (5th Cir. 2012) (citing *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir.

2004)). "The right to be free from arrest without probable cause is a clearly established constitutional right." *Brooks v. City of W. Point, Miss.*, No. 14-60357, 2016 WL 556360, at *2 (5th Cir. Feb. 11, 2016) (citing *Mangieri v. Clifton*, 29 F.3d 1012, 1016 (5th Cir. 1994)).

This Court uses an objective standard to determine whether an officer was reasonable after taking into account the totality of the circumstances at the time of the arrest. *Crostley*, 717 F.3d at 422-23 (citing *Beck v. Ohio*, 379 U.S. 89, 91, 85 S. Ct. 223, 13 L. Ed. 2d 142 (1964); *Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007) ("[T]he court applies an objective standard based on the viewpoint of a reasonable official in light of the information then available to the defendant . . . ."); *United States v. Maslanka*, 501 F.2d 208, 212 (5th Cir. 1974) ("To determine the presence or absence of probable cause to arrest, one must consider the totality of the circumstances surrounding the arrest")).

"[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Curtis v. Anthony*, 710 F.3d 587, 595 (5th Cir. 2013) (citing *Ill. v. Gates*, 462 U.S. 213, 245 n. 13, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983)). Thus, "[p]robable cause exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Id.* (citing *Mack v. City of Abilene*, 461 F.3d 547, 552 n.1 (5th Cir. 2006)). A trial court "considers the expertise and experience of the law enforcement officials when considering what a 'reasonable person' would have concluded." *Id.*

When as in this case, the arrest is made pursuant to a warrant, "if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation" for the Fourth Amendment violation. *Jennings v. Patton*, 644 F.3d 297, 300-01 (5th Cir. 2011) (citing *Cuadra v. Houston Indep. Sch.*

5

*Dist.*, 626 F.3d 808, 813 (5th Cir. 2010)) (citation and internal quotation marks omitted). However, "this insulation is not absolute; the chain of causation remains intact if it can be shown that the deliberations of that intermediary were in some way tainted by the actions of the defendant." *Id*.

"[L]iability can reach [. . .] those who 'deliberately or recklessly provide[ ] false, material information for use in an affidavit.'" *Melton v. Phillips*, 875 F.3d 256, 264 (5th Cir. 2017) (citing *Hart v. O'Brien*, 127 F.3d 424, 448 (5th Cir. 1997), *abrogation on other grounds recognized by Spivey v. Robertson*, 197 F.3d 772, 775–76 (5th Cir. 1999)). Likewise, "an officer who makes knowing and intentional *omissions* that result in a warrant being issued without probable cause" is also liable under *Franks*. *Melton*, 875 F.3d at 264 (citing *Franks v. Delaware*, 438 U.S. 154, 158, 98 S. Ct. 2674, 2677, 57 L. Ed. 2d 667 (1978); *Michalik*, 422 F.3d at 258 n.5; *Hart*, 127 F.3d at 448)). "Separate from a *Franks* liability context, an officer could be held liable for a search authorized by a warrant when the affidavit presented to the magistrate was 'so lacking in indicia of probable cause as to render official belief in its existence unreasonable.'" *Melton*, 875 F.3d at 264 (citing *Malley v. Briggs*, 475 U.S. 335, 344, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986) (citing *United States v. Leon*, 468 U.S. 897, 923, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984)).

A defendant will not be immune if, on an objective basis, it is obvious that no reasonably competent officer would have concluded that the defendant's actions were lawful; but if officers of reasonable competence could disagree on the issue, immunity should be recognized. *McAllister v. Desoto Cty., Miss.*, No. 2:09-CV-163-SA, 2011 WL 2516260, at *3 (N.D. Miss. June 23, 2011), *aff'd,* 470 F. App'x 313 (5th Cir. 2012) (citing *Malley*, 475 U.S. at 341, 106 S. Ct. 1092).

*Discussion and Analysis*

Based on the record in this case, the Plaintiff has brought forth sufficient evidence to create a question of fact as to the constitutional violation. Blake has demonstrated that Lambert had

personal knowledge, corroborated by S.W.'s own mother, that Blake did not have custody. Even though the school record did reflect that Blake was S.W.'s "contact," based on all of the facts and circumstances, a reasonable jury could conclude that there was no probable cause to arrest Blake, and that Lambert knowingly and intentionally withheld exculpatory facts and information from the judge. In short, there is a material question of fact as to what Lambert knew when he applied for the warrant and whether his actions in applying for the warrant were deliberate and reckless. *See Melton*, 875 F.3d at 264.

Lambert's argues that in his experience, school records are reliable and parents and guardians often lie. Lambert also argues that he directed Blake and Perry to update the school records, and that if they had done so, this whole situation could have been avoided. Under the reasoning proposed in Lambert's arguments, there would be probable cause to arrest a parent or guardian under the state statute merely for failing to update school records. This is not correct. The statute does not impose guilt for failing to update school records, it imposes guilt against a "parent guardian or custodian of a compulsory-school-age child subject to this section who refuses or willfully fails to . . . cause the child to enroll in and attend a public school." MISS. CODE. ANN. § 37-13-91.[3] Based on all of the facts and evidence in the record, a reasonable jury could conclude that "no reasonably competent officer would have concluded that [Lambert's] actions were lawful" and that there was no probable cause to arrest Blake. *McAllister*, 2011 WL 2516260, at *3 (citing *Malley*, 475 U.S. at 341, 106 S. Ct. 1092).

Because there is a jury question as to the constitutional violation, the Court turns to the "clearly established" prong of the qualified immunity analysis. Lambert argues that Blake failed

---

[3] The companion statute contains similar language: "any parent, guardian or other person who intentionally, knowingly or recklessly commits any act or omits the performance of any duty, which act or omission contributes to or tends to contribute to the neglect or delinquency of any child . . . ." MISS. CODE. ANN. § 97-5-39.

7

to carry her burden on this prong because she has not brought forth any precedent cases imposing §1983 liability on a School Attendance Officer in similar circumstances. Lambert reasons that without such a precedent case, he was not on notice that his conduct was unconstitutional.

Lambert misconstrues the applicable standard. What matters under the appropriate analysis is the contours of the right at issue, and the defendant's particular *conduct* in context. *See McLin v. Ard*, 866 F.3d 682, 695–96 (5th Cir. 2017). As the Fifth Circuit has stated: "When considering a defendant's entitlement to qualified immunity, we must ask whether the law so clearly and unambiguously prohibited his *conduct* that '*every* reasonable official would understand that what he is doing violates [the law].'" *Id.* (citing *Morgan*, 659 F.3d at 371 (quoting *al-Kidd*, 563 U.S. at 741, 131 S. Ct. 2074) (emphasis added)). "To answer that question in the affirmative, we must be able to point to controlling authority—or a robust consensus of persuasive authority—that defines the *contours of the right* in question with a high degree of particularity." *Id.* (citing *Morgan*, 659 F.3d at 371–72 (internal quotation marks omitted) (quoting *al-Kidd*, 563 U.S. at 742, 131 S. Ct. 2074); *see also Mullenix v. Luna*, — U.S. —, 136 S. Ct. 305, 308, 193 L. Ed. 2d 255 (2015) ("The dispositive question is whether the violative nature of *particular* conduct is clearly established." (internal citation and quotation omitted)). "Where no controlling authority specifically prohibits a defendant's *conduct*, and when the federal circuit courts are split on the issue, the law cannot be said to be clearly established." *Id.* (citing *Morgan*, 659 F.3d at 372).

As outlined above, the contours of the right to be free from arrest without probable cause are clearly established. *See Brooks*, 2016 WL 556360, at *2 (citing *Mangieri*, 29 F.3d at 1016). So too is the violative nature of the conduct alleged here, knowingly and intentionally withholding exculpatory evidence in a warrant application, specifically prohibited by controlling authority. *See*

*Russell*, 546 F. App'x at 437 (citing *Cuadra*, 626 F.3d at 813); *see also McAllister*, 2011 WL 2516260, at *3; *Malley*, 475 U.S. at 341, 106 S. Ct. 1092.

Lambert also argues broadly that the "reasonably competent officer" standard annunciated in *Malley v. Briggs* does not apply to School Attendance Officers, and relies on *Wernecke v. Garcia* for the proposition that *Malley* only applies to police officers. *See Wernecke v. Garcia*, 452 F. App'x 479, 483 (5th Cir. 2011). The Court agrees with Lambert to the extent that he should not be held to the standard of a reasonably competent police officer. Lambert is not a police officer, and does not have the same experience and training that police officers have. It follows, however that Lambert should be held to the standard of a reasonably competent school attendance officer, or as the *Wernecke* Court indicated, a reasonable official in those circumstances. *Wernecke*, 452 F. App'x at 479. Indeed, as noted above, "the court applies an objective standard based on the viewpoint of a reasonable official in light of the information then available to the defendant . . . ." *Crostley*, 717 F.3d at 422-23 (citing *Beck*, 379 U.S. at 91, 85 S. Ct. 223; *Freeman*, 483 F.3d at 411).

*Wernecke* involved a social worker, and contrary to Lambert's assertion, the Court in that case found the Fourth Amendment implicated, as well as the relevant precedents involving warrant applications, but granted qualified immunity based on the lack of violative conduct by the social worker. *See id*. As to Lambert's particular knowledge and experience, the Court notes that based on the evidence presented by Lambert, he routinely applies for arrest warrants. In fact, he applied for ten arrest warrants the same day that he applied for Blake's. Lambert's assertion that there was no way for him to know that Blake would be arrested and strip-searched as a result of his actions is directly contradicted by Blake, and is subjective not objective as required by the relevant standard. *See id*.

Section 1983 creates a "species of tort liability," *Imbler v. Pachtman*, 24 U.S. 409, 417, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976), for "the deprivation of any rights, privileges, or immunities secured by the Constitution". 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, — U.S. —, 137 S. Ct. 911, 916, 197 L. Ed. 2d 312 (2017). "[I]dentical Fourth Amendment standards apply in both the criminal and civil contexts". *Wooley v. City of Baton Rouge*, 211 F.3d 913, 925 (5th Cir. 2000); *Franks v. Smith*, 717 F.2d 183, 186 (5th Cir. 1983); *Roe v. Texas Dep't of Protective & Regulatory Servs.*, 299 F.3d 395, 401 (5th Cir. 2002).

This case turns on questions of material fact, in particular, what Lambert knew when he applied for the warrant. The Court finds that a reasonable jury could conclude that Blake's arrest violated the Fourth Amendment because Lambert knowingly or recklessly applied for her arrest warrant without probable cause or because the warrant application lacked any indicia of probable cause. *See Melton*, 875 F.3d at 264 (citing *Franks*, 438 U.S. at 158, 98 S. Ct. 2674; *Malley* 475 U.S. at 344, 106 S. Ct. 1092). In addition, the Court notes that Lambert's defense arguments are predominantly fact-based, and require further consideration and credibility weighing by a jury, making summary judgment adjudication inappropriate at this time.

*Conclusion*

For all of the reasons fully discussed above, the Court finds that numerous issues of material fact preclude summary judgment. Qualified immunity is DENIED without prejudice. Lambert's Motion to Dismiss [9] is DENIED.

So ORDERED on this the 9th day of March, 2018.

/s/ Sharion Aycock  
UNITED STATES DISTRICT COURT JUDGE