IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CARLA BLAKE                                                                    PLAINTIFF

V.                                                    CIVIL ACTION NO. 1:17-CV-89-SA-DAS

DON LAMBERT, and
PRENTISS COUNTY                                                              DEFENDANTS

ORDER AND JUDGMENT

Carla Blake filed this case on June 12, 2017 against Prentiss County, Mississippi, and Don Lambert, a Prentiss County School Attendance Officer.[1] In her Complaint [1], Blake alleges that Lambert and Prentiss County violated her constitutional rights and seeks relief under 42 U.S.C. § 1983. Blake asserted two claims against Lambert individually. First Blake asserted a claim alleging that Lambert violated her Fourth Amendment right, recognized in *Malley v. Briggs*, to be free from arrest based on a "warrant application . . . so lacking in indicia of probable cause as to render official belief in its existence unreasonable." 475 U.S. 335, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986). Second, Blake alleged that Lambert violated her Fourth Amendment right, recognized in *Franks v. Delaware*, to "be free from police arrest without a good faith showing of probable cause." *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978).

Lambert filed a Motion to Dismiss [9] all of the claims against him, arguing that Blake's Complaint failed to state a claim against him, and in the alternative, that he is entitled to the protection of qualified immunity. Because both parties relied on matters outside the pleadings, the Court treated Lambert's motion as one for summary judgment. *See* FED. R. CIV. P. 12(d), 56.

---

[1] Blake sues Lambert in his individual capacity only.

On March 9, 2018 the Court entered an Order [31] and Memorandum Opinion [32] denying Lambert's requests for dismissal and qualified immunity as to both of Blake's claims. Lambert appealed this Court's decision to the Fifth Circuit Court of Appeals pursuant to the collateral order doctrine. *See* Notice of Appeal [33]. The Fifth Circuit affirmed this Court's ruling denying qualified immunity to Lambert on Blake's *Malley* claim. The Fifth Circuit reversed this Court's finding on Blake's *Franks* claim and held that Lambert is entitled to qualified immunity on that claim. In so holding, the Fifth Circuit stated:

> In *Kohler v. Englade* we held that "a plaintiff cannot hold an officer liable under *Franks* for intentionally omitting important exculpatory information from a warrant affidavit when the officer has also committed a *Malley* violation by presenting a facially deficient warrant affidavit to the issuing judge." *Kohler v. Englade*, 470 F.3d 1104, 1113-14 (5th Cir. 2006). We reach the same result here. *See Montesano v. Seafirst Commercial Corp.*, 818 F.2d 423, 426 (5th Cir. 1987) (holding that "one panel cannot overturn another panel").

*Blake v. Lambert*, 921 F.3d 215, 222 (5th Cir. 2019).

The Fifth Circuit's ruling in this case explicitly holds that Lambert committed a *Malley* violation, that Blake has established liability against Lambert under *Malley*, and thus relief for her *Franks* claim is cut off.

Pursuant to the Fifth Circuit's ruling in this case, the Court now enters summary judgment against Defendant Lambert in his individual capacity for Plaintiff Blake's claim that Lambert violated her Constitutional rights under the Fourth Amendment pursuant to *Malley v. Briggs*, 475 U.S. 335, 106 S. Ct. 1092. With liability decided, the Plaintiff's *Malley* claim will be set for a trial on damages following the resolution of the Plaintiff's claims against Prentiss County.

It is so ORDERED on this the 3rd day of September, 2018.

 /s/ Sharion Aycock
UNITED STATES DISTRICT COURT JUDGE